**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LING HAO, | No. 13-73301 |
| Petitioner, | Agency No. A099-402-839 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Ling Hao, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies both within Hao's testimony, and between his testimony, application, and other record evidence, regarding his period of employment in China. *See id*. at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). Hao's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We reject Hao's contention that the BIA failed to address his argument on appeal. Substantial evidence also supports the BIA's determination that, even if Hao is Christian and practiced Christianity in the United States, he failed to establish a well-founded fear of persecution in China. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). We do not consider extra-record evidence Hao references in his opening brief. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc) (the court's review is limited to the administrative record). We reject Hao's contentions that the BIA failed to consider record evidence. Thus, Hao's asylum claim fails.

Because Hao failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014).

Finally, Hao's CAT claim fails because it is based on the same evidence the agency found not credible, and Hao does not point to any record evidence that compels the conclusion that it is more likely than not he would be tortured by or with the acquiescence of the government if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED.**